## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALLSTATE VEHICLE AND** | ) |
| **PROPERTY INSURANCE** | ) |
| **COMPANY et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-20-1088-G** |
| | ) |
| **DAN DODSON et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

On October 27, 2020, Plaintiffs Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company (collectively, "Allstate") filed this diversity action seeking entry of declaratory judgment pursuant to 28 U.S.C. § 2201. The Complaint for Declaratory Judgment ("Compl.," Doc. No. 1) identifies two Defendants: Dan Dodson ("DD") and Rainey Kauzody Dodson ("RKD"), who is the widow of DD's father. *See id.* ¶¶ 10-11. Defendant DD filed an Answer (Doc. No. 5) to the Complaint. On February 16, 2021, Defendant RKD filed an Answer that also stated a counterclaim against Allstate. *See* Def. RKD Answer & Countercl. (Doc. No. 14).

As outlined below, several motions are presently at issue. Allstate has filed a Motion for Voluntary Dismissal (Doc. No. 21), seeking to dismiss its declaratory-judgment action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant RKD has responded to the Motion (Doc. No. 24), and Allstate has filed a Reply (Doc. No. 25).

Allstate also has filed a Motion to Dismiss Counterclaim (Doc. No. 22), requesting dismissal of the Counterclaim raised by Defendant RKD.  Defendant RKD has filed a Response (Doc. No. 28), to which Allstate has replied (Doc. No. 31).

In addition, Defendant RKD filed a Motion for Leave to Issue Summons and Commence Litigation (Doc. No. 23).  Defendant DD and Allstate have each filed a Response (Doc. Nos. 32, 33).  Defendant RKD filed a Reply (Doc. No. 34) to Allstate's Response.[1]

I.    *Allstate's Motion for Voluntary Dismissal*

Allstate's Complaint alleges that in May 2020, Defendant RKD initiated a probate proceeding (the "Probate Action") in the District Court of Oklahoma County, Oklahoma. *See* Compl. ¶ 10; *id.* Ex. 3 (Doc. No. 1-3) (Pet., *In re Estate of Richard Carlton Dodson*, No. PB-2019-1403 (Okla. Cnty. Dist. Ct. filed May 21, 2020)).  In the Probate Action, Defendant RKD alleged that she was the surviving spouse of Richard Carlton Dodson ("the Deceased").  Compl. ¶ 11; *see* Probate Action Pet. ¶ 3.  In the Probate Action, Defendant RKD raised the following claims against Defendant DD in regard to the Deceased: (1) wrongful death; (2) fraud; (3) constructive trust and accounting; (4) breach of fiduciary duty; (5) outrage; (6) false imprisonment; (7) preliminary injunction; and (8) declaratory judgment.  Compl. ¶ 23; *see* Probate Action Pet. ¶¶ 33-111.  Defendant RKD sought as relief: "actual damages," "accounting, injunctive relief, punitive damages," "replevin (or

---

[1] The Court has accepted the Reply as though timely filed.  *See* Def. RKD Reply at 1 n.1.

disgorgement) of property," "declaratory judgment," and "reasonable attorney fees and costs." Probate Action Pet. at 20; *accord* Compl. ¶ 24.

Allstate filed this action to obtain a declaratory judgment as to the applicability and coverage of two insurance policies it had issued to Defendant DD (the "Allstate Policies"), as well as to Allstate's duty to defend Defendant DD. *See* Compl. ¶¶ 25-39, 53. More specifically, the Complaint seeks entry of declaratory judgment to the effect that Allstate has no duty to defend or indemnify Defendant DD in the Probate Action and "no duty to satisfy any judgment entered against" Defendant DD in the Probate Action. *Id.* at 18; *see also id.* ¶¶ 40-52; 28 U.S.C. § 2201.

On March 2, 2021, after Defendants had each filed their responsive pleadings, Allstate filed its Motion for Voluntary Dismissal (Doc. No. 21). In its Motion, Allstate seeks to dismiss its claims without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Allstate represents that on February 1, 2021, the state court entered an order in the Probate Action granting partial summary judgment in Defendant DD's favor on most of the claims asserted by Defendant RKD in that matter. *See* Pls.' Mot. Voluntary Dismissal at 2-3; *see also id.* Ex. 1 (Doc. No. 21-1) (*In re Estate of Richard Carlton Dodson*, No. PB-2019-1403 (Okla. Cnty. Dist. Ct.) (order of Feb. 1, 2021)). Allstate asserts that as a result of that state-court order (the "Probate Action Order"), Allstate concluded that "it was no longer necessary to proceed with this declaratory judgment action at this time." Pls.' Mot. Voluntary Dismissal at 3.

While Defendant DD consents to the dismissal, *id.* at 1, Defendant RKD has filed a Response (Doc. No. 24) opposing Allstate's request on several grounds.[2]

### A. The Relevant Factors

Rule 41(a)(2) provides that where, as here, a defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> The purpose of the rule is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted).  When considering a motion to dismiss, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.  It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." *Id.* (quotations and alterations omitted); *see also Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) ("Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."). Among the factors to be considered by the district court in making this evaluation are: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1537.  This list of factors "is by no means exclusive," and factors that are "unique to the context of the case" must also be considered.  *Id.*  In reaching its conclusion, "[t]he district court should endeavor to insure substantial justice is accorded to both parties," and therefore the court "must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

---

[2] Defendant RKD's arguments are difficult to parse and, similarly to her other filings, reflect significant misunderstandings as to the substance and effect of the federal and local civil rules applicable in this matter.  Because Defendant RKD is represented by counsel, her filings are not entitled to liberal construction.  *See Rawle v. Wyo. Dep't of Corr. State Penitentiary Warden*, 390 F. App'x 769, 773 n.4 (10th Cir. 2010).  The Court nevertheless has considered all of Defendant RKD's briefing arguments, to the extent they are sufficiently developed to allow such consideration, in disposing of the pending motions.

*Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047-48 (10th Cir. 2002). "Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark*, 13 F.3d at 1411.

First, Defendant RKD argues that dismissal should not be granted because Defendant RKD is "seeking leave" to litigate against "cross defendant [DD]" and against allegedly necessary third-party defendants. Def. RKD Resp. at 1, 2-4. Defendant RKD appears to argue that dismissal would be improper because she will need to obtain "Allstate's communication with Dan Dodson" to pursue such cross-claims and third-party claims. *Id.* at 3.

This vague contention fails to explain why Allstate should be required to continue with its declaratory-judgment action or how Defendant RKD would "suffer prejudice" if that action is dismissed. *Clark*, 13 F.3d at 1411. Defendant RKD offers no support for the proposition that the viability of any affirmative claim is dependent upon the continuation of Allstate's request for declaratory judgment regarding Defendant DD's insurance policies. Further, Allstate need not be a party to this litigation in order for Defendant RKD to obtain communications or other discovery from Allstate. *See, e.g.*, Fed. R. Civ. P. 45(c)(2)(A).

Defendant RKD next suggests that dismissal under Rule 41(a)(2) would be improper because she has "expended time and expense" on this lawsuit. Def. RKD Resp. at 1. She fails to substantiate this statement, however, and the relevant record indicates that her efforts expended prior to Allstate seeking dismissal were minimal: after being served, Defendant RKD filed a 2.5-page motion to dismiss, which she then withdrew upon filing

her Answer and Counterclaims. And, while there has been some motion practice and one status and scheduling conference since Allstate moved for dismissal, no scheduling order has been entered and thus no pretrial deadlines have been set. Accordingly, the Court cannot say that Defendant RKD's "effort and expense in preparing for trial" or "the present stage of litigation" weighs in favor of denying dismissal. *Ohlander*, 114 F.3d at 1537; *see Church Mut. Ins. Co. v. Salt Lake City Laumalie Ma'oni'oni Free Wesleyan Church of Tonga*, 710 F. App'x 784, 786 (10th Cir. 2017) (upholding Rule 41(a)(2) voluntary dismissal of insurer's declaratory-judgment action where the objecting defendants had not yet been "required to prepare for trial").

Defendant RKD also notes her "concern[]" that "Allstate was forum shopping" in filing the instant lawsuit, apparently based upon her belief that Allstate should instead have moved to intervene in the state-court Probate Action. Def. RKD Resp. at 1; *see also id.* at 2, 3. The relevant declaratory-judgment statute prescribes, however, that a party should seek a declaratory judgment in a "court of the United States." 28 U.S.C. § 2201. Further, as argued by Allstate, "[i]n Oklahoma, probate actions are strictly statutory and the [state] district court in such proceedings has limited jurisdiction as prescribed by statute." *In re Phillips*, 523 B.R. 846, 851 (Bankr. N.D. Okla. 2014) (alteration and internal quotation marks omitted) (citing Okla. Stat. tit. 58, § 1); *see* Pls.' Reply at 4-5. In addition, Allstate asserts that the Allstate Policies were "issued by Allstate to Dan Dodson" and "are not part of the underlying probate estate." Pls.' Reply at 5. Defendant RKD therefore has not shown any improper forum-shopping on Allstate's part or that any such practice weighs against dismissal under Rule 41(a)(2).

6

As for the remaining factors—"excessive delay and lack of diligence on the part of the movant" and "insufficient explanation of the need for a dismissal"—the Court finds that they all weigh in Allstate's favor. *Ohlander*, 114 F.3d at 1537. Allstate has adequately explained why it no longer seeks a declaratory judgment, and the Court perceives no undue delay or lack of diligence on Allstate's part.

### B. *Defendant RKD's Counterclaim*

Allstate's Complaint asserts that the Court has diversity jurisdiction "pursuant to 28 U.S.C. § 1332" "because the amount in controversy exceeds [$75,000] exclusi[ve] of interest and costs" and the action "is between citizens of different states"—i.e., between Allstate (Illinois), Defendant DD (New Mexico), and Defendant RKD (Oklahoma). Compl. ¶ 7; *see id.* ¶¶ 2-7; 28 U.S.C. § 1332(a)(1); *see also* Fed. R. Civ. P. 8(a)(1). Defendant RKD's Counterclaim, seeking "Declaratory Relief" and "Estoppel" against Plaintiffs regarding the Allstate Policies, is appended to her Answer to Allstate's Complaint. Def. RKD Answer & Countercl. at 18. The Counterclaim fails to plead any additional facts or state a basis for jurisdiction, but it "incorporates" her Answer, in which she does not dispute any of Allstate's jurisdictional allegations. *Id.*; *see* Def. RKD Answer & Countercl. ¶¶ 2-7. It therefore appears from the face of the pleadings that § 1332(a)(1) diversity jurisdiction lies over Defendant RKD's Counterclaim.

"If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2); *see, e.g.*, *Wentworth v. Hedson*, 248 F.R.D. 121, 122 (E.D.N.Y. 2008) (denying dismissal

under Rule 41(a)(2) where dismissal of the plaintiffs' suit would destroy the Court's subject-matter jurisdiction over the defendant's counterclaims).   Accordingly, "Rule 41(a)(2) requires courts to assess whether the counterclaim can stand alone." *In re A-1 Plank & Scaffold Mfg., Inc.*, 451 B.R. 135, 140 (Bankr. D. Kan. 2011).

Defendant RKD cites Rule 41(a)(2)'s "remain pending for independent adjudication" requirement to argue that Allstate's action should not be dismissed because she has pleaded a counterclaim against Allstate. *See* Def. RKD Resp. at 4; *see also* Def. RKD Answer & Countercl. at 18.  But Defendant RKD offers no explanation of why her counterclaim, which is not expressly dependent upon the existence of Allstate's action, cannot "stand alone." *In re A-1 Plank & Scaffold Mfg.*, 451 B.R. at 140.  Merely quoting this portion of the Rule fails to provide an adequate basis for denying dismissal. *Cf. Ohlander*, 114 F.3d at 1537 (noting that "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice" (internal quotation marks omitted)).[3]

The Court therefore does not find that dismissal of Allstate's claims would destroy subject-matter jurisdiction over the Counterclaim or otherwise prevent the Counterclaim from "remain[ing] pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).

---

[3] Allstate acknowledges that dismissal of its declaratory-judgment action "will not . . . strip[]" the Court of jurisdiction over the Counterclaim and that "the counterclaim will remain pending for independent adjudication." Pls.' Reply at 6-7.  As addressed further below, Allstate has sought dismissal of the Counterclaim, but not on the basis of lack of federal diversity jurisdiction.

### C. Conclusion

For all these reasons, Allstate's Motion for Voluntary Dismissal shall be granted and Allstate's declaratory-judgment action dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(2); *Cnty. of Santa Fe*, 311 F.3d at 1047-48.

### II.   Allstate's Motion to Dismiss Counterclaim

Defendant RKD's Counterclaim against Allstate reads, in its entirety:

<u>**COUNTERCLAIM AGAINST PLAINTIFFS**</u>

Rainey Dodson incorporates all of her answers above, and hereby requests the following two counter causes of action against Plaintiffs:

A.   Declaratory Relief that the Plaintiffs' policies at issue are in fact liable for actions complained of, as developed through discovery and litigation of facts involving Daniel Dodson, and necessary and indispensable party Trust.

B.   Estoppel against Plaintiffs from limiting policy determination to a moot state pleading[.]

Def. RKD Answer & Countercl. at 18.

Citing Federal Rule of Civil Procedure 12(b)(1), Allstate first contends that Defendant RKD lacks standing to bring a direct action against Allstate, as required to establish federal subject-matter jurisdiction under Article III of the Constitution. *See* Pls.' Mot. to Dismiss Countercl. (Doc. No. 22) at 18-11; *see also Rivera v. Internal Revenue Serv.*, 708 F. App'x 508, 513 (10th Cir. 2017).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, Allstate makes a facial attack on the sufficiency of the allegations of the Counterclaim. *See* Pls.' Mot. to Dismiss Countercl. at 4-5, 8-11. In

reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the claimant's allegations as true. *Pueblo of Jemez*, 790 F.3d at 1148 n.4; *see also United States v. Sup. Ct. of N.M.,* 839 F.3d 888, 898-99 (10th Cir. 2016).

To have standing to sue, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

Even accepting Defendant RKD's allegations as true, *see Sup. Ct. of N.M.*, 839 F.3d at 899, the Court agrees that Defendant RKD has not alleged facts demonstrating standing to sue Allstate. The Counterclaim presents essentially no factual allegations beyond those provided in the Answer. And nothing pleaded in that Answer establishes or even reasonably suggests that any conduct of Allstate, as opposed to that of Defendant DD or other nonparty actors, caused Defendant RKD to suffer an injury in fact—i.e., "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (internal quotation marks omitted).

In addition, Allstate argues that Defendant RKD cannot establish standing because Oklahoma law "prohibits a claimant from bringing a direct action against an alleged tortfeasor's insurer prior to the claimant seeking a judgment against the insured tortfeasor." Pls.' Mot. to Dismiss Countercl. at 9 (citing *Daigle v. Hamilton*, 782 P.2d 1379 (Okla. 1989)); *see also Harness v. TWG Transp., Inc.*, No. CIV-18-462-D, 2018 WL 3318955, at

*2 (W.D. Okla. July 5, 2018) ("As a general rule, in Oklahoma a plaintiff may not bring a direct action against a defendant's insurer."); *Alfalfa Elec. Coop., Inc. v. Mid-Continent Cas. Co.*, 350 P.3d 1276, 1281-82 (Okla. Civ. App. 2014) (considering the defendant insurer's argument that such a direct action is prohibited as a challenge to the plaintiff's standing to seek relief). Defendant RKD's response to this argument erroneously equates the requirements for standing with those for diversity jurisdiction and personal jurisdiction and is otherwise nonresponsive. *See* Def. RKD Resp. to Pls.' Mot. to Dismiss Countercl. at 2. Assuming Oklahoma law applies,[4] Allstate's cited authorities further support the proposition that Defendant RKD lacks standing to seek or obtain a favorable judicial decision against Allstate to redress her alleged injuries, as she cites no finding of liability against the insured party, Defendant DD.

Defendant RKD's Counterclaim therefore must be dismissed without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1); *Spokeo*, 578 U.S. at 338; *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).[5]

---

[4] Although Allstate's Motion relies upon Oklahoma law, it also notes that the relevant insurance policies were "issued to Dan Dodson in New Mexico" "by a New Mexico Allstate agency." Pls.' Mot. to Dismiss Countercl. at 8 n.2. Because New Mexico, like Oklahoma, allows a third party to bring a direct action against an insurer only after a finding of fault against the insured, dismissal would likewise be warranted if New Mexico law governs. *See Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787-88 (10th Cir. 2010) (citing *Hovet v. Allstate Ins. Co.*, 89 P.3d 69 (N.M. 2004)).

[5] Because the Court grants Allstate's Motion to Dismiss Counterclaim on this basis, it need not reach Allstate's alternative arguments for dismissal.

III.   *Defendant RKD's Motion for Leave*

Finally, Defendant RKD has filed a Motion for Leave to Issue Summons and Commence Litigation (Doc. No. 23).  The Motion for Leave and accompanying Reply are quite broad and cite numerous bases for relief, including Rules 3, 4(a), 4(c), 4(m), 5, 14(a)(1), 15(a)(2), 19, 24, and 41(a)(2) of the Federal Rules of Civil Procedure.  Primarily, however, the Motion seeks leave of the Court for Defendant RKD to amend her pleading to add claims against Defendant DD, as a cross-defendant, and against Andrea Dodson, the Richard Dodson Trust, the Desert Gardens Nursing Home, Lea Regional Hospital, and possibly the Internal Revenue Service, as third-party defendants.  *See* Def. RKD Mot. Leave at 2, 3; Pl.'s Reply at 3.

A.   *Federal Rule of Civil Procedure 14(a)(1): Third-Party Practice*

Rule 14(a)(1) of the Federal Rules of Civil Procedure permits a defendant, as a third-party plaintiff, to bring a claim against "a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  "But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  *Id.*

The purpose of the Rule is "to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits."  *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954).  "The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court."  *First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).

> In exercising that discretion, some of the relevant factors for the Court to consider include: (1) the benefits of a single action versus prejudice to the other party and confusion; (2) the timeliness of the request and prejudice to the plaintiff in delay; (3) whether the main case would "mushroom in all directions"; (4) whether impleading new parties would unduly delay or complicate the trial; and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.

*Loomis v. Specialized Desanders, Inc.*, No. CIV-18-525-PRW, 2019 WL 5197564, at *1 (W.D. Okla. Aug. 7, 2019) (footnotes omitted).

Defendant RKD emphasizes her timeliness, and the Court agrees that there was no undue delay in filing the Motion for Leave.  As explained above, however, the action against Defendant RKD has been dismissed—thus leaving no reason to bring in nonparties who "[are] or may be liable to [Defendant RKD]" on that action.  Fed. R. Civ. P. 14(a)(1). The speculative allegations of the Motion for Leave do not establish any "benefits of a single action" or "state sufficient grounds" to allow the Court to say that Defendant RKD's third-party claims would be proper.  *Loomis*, 2019 WL 5197564, at *1.  The Motion does strongly indicate, however, that Defendant RKD's proposed course of action (i.e., impleading at least four varied nonparties) would cause this litigation to "mushroom in all directions."  *Id.*

The Court therefore finds that Defendant RKD's request to file and serve a third-party complaint should be denied pursuant to Federal Rule of Civil Procedure 14(a)(1).

### B.  *Federal Rule of Civil Procedure 15(a)(2): Amendment of Pleadings*

Due to the timing of her Motion for Leave, Defendant RKD may no longer amend her pleading "as a matter of course"; rather, she may amend "only with" either "the

opposing party's written consent"—absent here—or "the court's leave." Fed. R. Civ. P. 15(a)(1), (a)(2). "The court should freely give leave when justice so requires," but whether to grant such leave "is within the discretion of the trial court." *Id.* R. 15(a)(2); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Having reviewed Defendant RKD's briefing and the other parties' Responses, the Court does not find that justice requires allowing amendment.  First, while Defendant RKD's Motion is interspersed with references to "necessary and indispensable" parties, she does not address joinder in any detail, and it is unclear what factual allegations and legal claims Defendant RKD seeks to bring and against whom.  It is Defendant RKD's obligation to "state with particularity the grounds for seeking the order" and to "state the relief sought."  Fed. R. Civ. P. 7(b)(1)(B), (C).  The Court "will not supply additional factual allegations" or "construct a legal theory" on her behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Relatedly, this Court's local civil rules direct that a party seeking leave to amend under Rule 15(a)(2) must state whether any party objects and "attach the proposed pleading as an exhibit to the motion."  LCvR 15.1.  Plaintiff did not comply with this Rule and has not otherwise adequately explained the changes she proposes to make.  The Court therefore is unable to fully assess the proposed amendments' futility or consider Defendant RKD's

justifications for amendment.  *See Frank*, 3 F.3d at 1365.  Further, none of the proposed changes to Defendant RKD's pleading would revive her counterclaim against Allstate or otherwise "cure" the jurisdictional "deficiencies" outlined above.  *Id.*

For all of these reasons, Defendant RKD's Motion for Leave is also subject to denial pursuant to Federal Rule of Civil Procedure 15(a)(2).

CONCLUSION

As outlined herein:

- Plaintiffs' Motion for Voluntary Dismissal (Doc. No. 21) is GRANTED.  Plaintiffs' Complaint for Declaratory Judgment (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(2).
- Plaintiffs' Motion to Dismiss Counterclaim (Doc. No. 22) is GRANTED. Defendant Rainey Kauzody Dodson's Counterclaim (Doc. No. 14, at 18) is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(1).

    -and-
- Defendant Rainey Kauzody Dodson's Motion for Leave to Issue Summons and Commence Litigation (Doc. No. 23) is DENIED.

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of March, 2022.

CHARLES B. GOODWIN
United States District Judge